# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**O.N. EQUITY SALES COMPANY,**

    **Plaintiff,**

**v.**                                              **Case No. 07-CV-13482-DT**
                                                    **Honorable Denise Page Hood**

**ROBERT H. BRODERSON,**

    **Defendant.**

_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on various motions filed by the parties relating to the issue of whether this matter should be arbitrated.

**I.    BACKGROUND**

On August 17, 2007, Plaintiff O.N. Equity Sales Company ("ONESCO") filed the instant suit against Defendant Robert H. Broderson ("Broderson") seeking injunctive relief and a declaration that it has no obligation to arbitrate any claims against Defendant. Various motions have been filed, including: a Motion for Order Authorizing the Parties to Engage in Immediate Discovery on the Issue of Arbitrability filed by ONESCO, a Motion to Compel Arbitration filed by Broderson, a Motion for Protective Order filed by ONESCO, a Motion for Preliminary Injunction filed by ONESCO, a Motion for Order Precluding Summary Disposition of Defendant's Motion to Compel Arbitration Pending Discovery to be Taken on the Issue of Arbitrability filed by ONESCO.

The Court issued a Notice of Scheduling Conference and Hearing on the Motion for Order Authorizing the Parties to Engage in Immediate Discovery on the Issue of Arbitrability for October 15, 2007. At the conference off the record, the parties submitted various arguments and documents

to the Court regarding the issue of arbitrability and other related matters. The parties agreed that after full briefing of the various motions filed, the Court would then issue a ruling on the briefs, without a hearing on the matter. In December 2007, the Court issued a Notice of Hearing for all pending motions for February 12, 2008. The Court, having previously indicated to the parties the issues would be ruled on without a hearing, now makes the following findings.

A non-party, Gary Lancaster ("Lancaster"), previously held Series 6 and 7 licenses with the National Association of Securities Dealers, Inc. ("NASD") and was a registered representative with ONESCO from March 23, 2004 to January 3, 2005. Lancaster served as Trustee of the Lancorp Fund. ONESCO claims Lancaster did not disclose to ONESCO his involvement with Lancorp.

On March 17, 2003, Lancaster made available a Private Placement Memorandum ("PPM") for the Lancorp Fund. Broderson executed a subscription agreement with Lancorp Fund on October 16, 2003, which ONESCO claims was made five months prior to Lancaster's association with ONESCO. On April 26, 2007, Broderson initiated an action with NASD against ONESCO (Case No. 07-01350) wherein Broderson seeks to hold ONESCO responsible for the Private Placement Memorandum claiming that Lancaster was associated with ONESCO and that ONESCO negligently supervised Lancaster.

ONESCO thereafter filed the instant action claiming that the issues raised by Broderson in his NASD action are not arbitrable since Broderson was not a customer of ONESCO and that because Lancaster was not associated with ONESCO at the time the initial transaction occurred, Broderson has no basis for his claims before the NASD. Broderson's Answer to the Complaint states that the disputes between the parties are arbitrable.

2

## II. ANALYSIS

### A. Arbitrability

In deciding whether to compel arbitration of a federal statutory claim, a court initially considers whether the statutory claim is generally subject to compulsory arbitration. *Floss v. Ryan Family Steak House*, 211 F.3d 306, 311 (6th Cir. 2000). If the statutory claim is not exempt from mandatory arbitration, the court next considers whether the parties have executed a valid arbitration agreement and, if so, whether the statutory claim falls within the scope of that agreement. *See Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.*, 473 U.S. 614, 628 (1985) (stating that courts should consider whether the parties have agreed to arbitrate a federal statutory claim and whether that claim is generally subject to compulsory arbitration). Once it has been determined that a statutory claim falls within the scope of the arbitration agreement, it is be enforced absent a showing of fraud, duress, mistake, or some other ground upon which a contract may be voided. *See Haskins v. Prudential Ins. Co. of Am.*, 230 F.3d 231, 239 (6th Cir. 2000); *Beauchamp v. Great West Life Assur. Co.*, 918 F. Supp. 1091, 1098 (E.D. Mich. 1996).

> The Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 states:
>
> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . ., or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Section 1 of the FAA provides the sole exception to the enforceability of arbitration agreements, stating that Section 2 "shall [not] apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." *See* 9 U.S.C. § 1; *See, Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) and *Gilmer v. Interstate/Johnson*

*Lane Corp.*, 500 U.S. 20 (1991). The Sixth Circuit has reiterated the strong presumption in favor of arbitration on more than one occasion. *See, e.g., Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2001) (stating that the FAA promotes a "strong federal policy in favor of arbitration" and "was designed to override judicial reluctance to enforce arbitration agreements, to relieve court congestion, and to provide parties with speedier and less costly alternative litigation"); *Haskins*, 230 F.3d at 235 ("[T]here is 'a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary.'"); *Willis v. Dean Witter Reynolds Inc.*, 948 F.2d 305, 311 (6th Cir. 1991) ("Congress passed the FAA to ensure that courts honor the contractual agreement of parties who choose to resolve their disputes by arbitration."). Indeed, the Sixth Circuit expressly stated that "[c]ourts are to examine the language of the [Arbitration Agreement] in light of the strong federal policy in favor of arbitration." *Stout*, 228 F.3d at 714. Further, "any ambiguities in the [Arbitration Agreement] or doubts as to the parties' intentions should be resolved in favor of arbitration." *Id*.

Broderson argues his action before the NASD is proper because ONESCO does not dispute that, as an NASD member, it generally must arbitrate under NASD Rule 12200 with its registered representatives' customers, including Lancaster's customers, and ONESCO does not dispute that Lancaster was involved in selling Lancorp to his customer. ONESCO's reliance on October 2003 documents signed by Broderson relating to a Lancorp purchase before Lancaster was associated with ONESCO is of no avail because the October 2003 documents signed by Broderson merely held Broderson's funds in escrow because Lancorp had not yet been offered. The PPM, an exhibit to ONESCO's Complaint, stated that the initial cash payments were held in escrow until the closing date and that the Lancorp offering was made subject to withdrawal, cancellation or modification

4

without notice. (Comp. Ex., PPM at ii and iii) In February 2004, ONESCO was informed that Lancaster was associated with Lancorp. (Lancaster First Decl., ¶ 8)

ONESCO argues that Broderson's claims are not arbitrable because he was not a customer of ONESCO and, therefore, ONESCO was not required to arbitrate the claims. The Sixth Circuit has noted that the NASD Code of Arbitration Procedure creates the right of parties to compel an NASD-member firm to arbitrate even in the absence of a direct transactional relationship with the firm. *Vestax Securities Corp. v. McWood,* 280 F.23d 1078, 1081 (6th Cir. 2002). Citing to NASD Rule 10301(a), the predecessor of Rule 12200, the Sixth Circuit noted that there are two conditions that must be satisfied to trigger the NASD arbitration requirement. First, the claim must involve a dispute between either an NASD-member and a customer, or an associated person and a customer. Second, the dispute must arise in connection with the activities of the member or in connection with the business activities of the associated person. *Id.* An agent or representative of a financial services firm is an "associated person" under the NASD, such that a relationship with the agent entitles the investor to the arbitration process. *Id.* at 1082. "A dispute that arises from a firm's lack of supervision over its brokers arises in connection with its business." *Id.* (quoting *John Hancock Life Ins. Co. v. Wilson,* 254 F.3d 48, 58-59 (2d Cir. 2001)).

Here, there is no dispute that ONESCO is an NASD-member. There is also no dispute that Lancaster was an associated person with ONESCO March 23, 2004 until January 3, 2005. (Comp., ¶ 7) Contrary to ONESCO's arguments, there are sufficient facts to show that some of the transactions between Broderson and Lancaster occurred while Lancaster was associated with ONESCO, even if ONESCO had no notice of the transactions, as argued by ONESCO. This fact,

5

and the facts that ONESCO, an NASD-member, and Lancaster was associated with ONESCO, are sufficient facts to compel arbitration before the NASD.

ONESCO argues that claimants are not "customers" under the NASD rules, therefore, the claims are not arbitrable. This argument has been rejected recently by an Ohio district court (and others noted below) noting that under the NASD rules, the arbitrators have the authority to determine if a claimant is a customer as construed under the NASD rules. *O.N. Equity Sales Co. v. FINRA Dispute Resolution, Inc.,* 2008 WL 281788 (S.D. Ohio Feb. 1, 2008)(ONESCO filed a declaratory action against FINRA Dispute Resolution, Inc. arguing that the individual claimants' actions against ONESCO regarding the Lancaster matter before FINRA were not arbitrable. The district court rejected ONESCO's arguments dismissing ONESCO's declaratory action and denying ONESCO's motion for preliminary injunction).

  **B. Discovery**

No further discovery is required in reaching this decision, contrary to ONESCO's motions seeking discovery. ONESCO cites a Sixth Circuit case, *Curtis v. Story,* 863 F.2d 47 (6th Cir. 1998) for its argument that the Sixth Circuit mandates discovery and an evidentiary hearing before the Court can decide the preliminary injunction issue and Broderson's Motion to Compel Arbitration. ONESCO argues that the numerous cases presented by Broderson where various courts throughout the country have granted various claimants' Motions to Compel Arbitration involving claims against ONESCO for its failure to supervise Lancaster should not be followed by this Court since these cases do not follow the Sixth Circuit's ruling in *Curtis*.

The Court notes that the *Curtis* decision is an unpublished decision. In any event *Curtis* is not applicable. The federal prisoner civil rights case was brought by a *pro se* prisoner under *Bivens*

*v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), seeking a preliminary injunction to stay a proposed transfer to a different institution. In an unpublished decision, the Sixth Circuit remanded and reversed the district court's order denying preliminary injunctive relief holding that the affidavits set forth by the parties raised questions of facts, therefore, an evidentiary hearing was required to resolve the factual disputes.

As the Court noted above, ONESCO does not dispute that it is an NASD member. ONESCO also does not dispute, in fact so admits in its Complaint, that Lancaster was associated with ONESCO from March 23, 2004 to January 3, 2005. Some of the Lancorp transactions occurred during the time period Lancaster was associated with ONESCO. There is no factual dispute as to whether the claims are arbitrable. The Sixth Circuit's published opinion in *Vestax* noted above is more on point and binding upon this Court than the unpublished *Curtis* case cited by ONESCO.

All of the cases submitted by Broderson and this Court's review of the cases involving ONESCO and Lancaster show that the district courts granted the claimants' motions to compel arbitration, denied the discovery requested by ONESCO and denied ONESCO's request for preliminary injunction relief.[1] In its brief, ONESCO claims that not all the decisions by the district

---

[1] *O.N. Equity Sales Co. v. Steinke,* 504 F.Supp.2d 913, 2007 WL 2421761 (C.D. Cal. Aug. 2008); *O.N. Equity Sales Co. v. Pals,* 509 F.Supp.2d 761, 2007 WL 2506033 (N.D. Iowa, Sept. 6, 2007); *O.N. Equity Sales Co. v. Venrick,* 508 F.Supp.2d 872, 2007 WL 2705859 (W.D. Wash. Sept. 17, 2007); *O.N. Equity Sales Co. v. Robinson,* 2007 WL 2840477 (E.D. Va. Sept. 27, 2007); *O.N. Equity Sales Co. v. Gibson,* 514 F.Supp.2d 857, 2007 WL 28040400 (S.D. W. Va. Oct. 1, 2007); *O.N. Equity Sales Co. v. Prins,* 519 F.Supp.2d 1006, 2007 WL 3286406 (D. Minn. Nov. 7, 2007); *O.N. Equity Sales Co. v. Wallace,* 2007 WL 41064756 (S.D. Cal. Nov. 15, 2007); *O.N. Equity Sales Co. v. Rahner,* 2007 WL 42584642 (D. Colo. Nov. 30, 2007); *O.N. Equity Sales Co. v. Samuels,* 2007 WL 4237013 (M.D. Fla. Nov. 30, 2007); *O.N. Equity Sales Co. v. Emmertz,* 2007 WL 4462655 (E.D. Pa. Dec. 19, 2007); *O.N. Equity Sales Co. v. Thiers,* 2008 WL 110603 (D. Ariz. Jan. 10, 2008); *O.N. Equity Sales Co. v. Cui,* 2008 WL 170584 (N.D. Cal. Jan. 17, 2008); *O.N. Equity Sales Co. v. Charters,* 2008 WL 220371 (M.D. Pa. Jan. 25, 2008); *O.N. Equity Sales Co. v. Nemes,* 2008 WL 239258 (N.D. Cal. Jan. 28, 2008); *O.N. Equity Sales Co. v. Staudt,* 2008 WL 271329 (D. Vt. Jan.

courts were unanimous, citing *O.N. Equity Sales Co. v. Cui,* Case No. 3:07-cv-02844-JSW (N.D. Cal. Sept. 7, 2007). ONESCO Equity argues that the district court in *Cui* held that discovery was permitted before addressing the issue of whether the claims raised are arbitrable. ONESCO submitted the transcript of the Rule 16 hearing on *Cui* held on September 7, 2007.

A review of the transcript does not show that the district court in *Cui* ordered discovery. The district court merely indicated that the parties meet and confer regarding the issue of discovery and that the discovery issue would be referred to the magistrate judge. Contrary to ONESCO's representations in its briefs, the district court in *Cui* denied ONESCO's request for discovery on the issue of whether arbitration is appropriate. The district court issued its decision affirming the magistrate judge's denial of discovery and granting the defendant's motion to compel arbitration. *O.N. Equity Sales Co. v. Cui,* Case No. 07-02844, 2008 WL 170584 (N.D. Cal. Jan. 17, 2008)(unpublished). The Court notes that ONESCO failed to supplement its brief with the district court's subsequent opinion in *Cui*. ONESCO's request for discovery on the issue of arbitrability is denied and Broderson's Motion for Protective Order regarding discovery is granted.

ONESCO recently faxed a letter to the Court dated February 11, 2008 indicating that during an NASD arbitration hearing held in Atlanta, Georgia the week of February 4, 2008, Lancaster offered testimony that directly contradicts a number of the statements in his declarations. ONESCO seeks a two week extension to obtain the transcript during the hearing. The Court denies ONESCO's request noting that the Court did not rely on Lancaster's declaration on the issue of whether the claims were arbitrable. As noted above, ONESCO does not dispute that it is an NASD

---

30, 2008); *O.N. Equity Sales Co. v. FINRA Dispute Resolution, Inc.,* 2008 WL 281788 (S.D. Ohio Feb. 1, 2008).

member and in fact admits that Lancaster was associated with ONESCO during some of the time Lancaster was involved with the Lancorp Fund and that NASD is able to decide whether Broderson is a customer under the NASD rules. A hearing transcript before the NASD is not required to determine the discovery issue in this matter. ONESCO has not submitted one case involving the many cases addressing the Lancaster issue where a district court agreed with ONESCO's arguments regarding arbitrability, discovery and preliminary injunction relief.

### C. Motion for Preliminary Injunction

ONESCO's Motion for Preliminary Injunction is moot since the Court is granting Broderson's Motion to Compel Arbitration. Even if the Court were to consider ONESCO's motion, given the Court's finding above that the claims by Broderson are arbitrable under the NASD rules, ONESCO will be unable to prevail on the merits, therefore, preliminary injunction is inappropriate.

Four factors must be balanced and considered before the Court may issue a preliminary injunction pursuant to Fed. R. Civ. P. 65(b): 1) the likelihood of the plaintiff's success on the merits; 2) whether plaintiff will suffer irreparable injury without the injunction; 3) the harm to others which will occur if the injunction is granted; and 4) whether the injunction would serve the public interest. *In re Delorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985); *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989). ONESCO is unable to prevail on the merits since the Court finds the claims are arbitrable and the arbitrators are able to determine whether Broderson is a customer under the NASD rules. ONESCO is also not irreparably harmed if the injunction is not issued since ONESCO has agreed with NASD to arbitrate matters involving customers. ONESCO has not waived its right to challenge the arbitrability of the claims as shown by the numerous lawsuits ONESCO has filed in

9

various district courts around the country involving the Lancaster matter. There is no harm to Broderson if the injunction is issued since Broderson (and others) filed actions before the NASD to arbitrate the claims. As noted above, there is a strong public interest in arbitrating claims, based upon the FAA, 9 U.S.C. § 1, enacted by Congress, which evidences Congress' intent to favor arbitration. ONESCO is not entitled to a preliminary injunction.

### III. CONCLUSION

For the reasons set forth above, Broderson's Motion to Compel Arbitration. ONESCO's Motions for Discovery and for Preliminary Injunction are denied.

Accordingly,

IT IS ORDERED that ONESCO's Motion for Order Authorizing the Parties to Engage in Immediate Discovery on the Issue of Arbitrability **(Docket No. 6, filed Sept. 14, 2007)** is DENIED;

IT IS FURTHER ORDERED that Broderson's Motion to Compel Arbitration **(Docket No. 9, filed Sept. 25, 2007)** is GRANTED;

IT IS FURTHER ORDERED that Broderson's Motion for Protective Order **(Docket No. 26, filed Sept. 26, 2007)** is GRANTED;

IT IS FURTHER ORDERED that ONESCO's Motion for Preliminary Injunction **(Docket No. 14, filed Oct. 11, 2007)** is DENIED;

IT IS FURTHER ORDERED that ONESCO's Motion for Order Pursuant to Civil Rule 56(f) Precluding Summary Judgment of Defendant's Motion to Compel Arbitration Pending Discovery to be Taken on the Issue of Arbitrability **(Docket No. 18, filed Oct. 12, 2007)** is DENIED; and,

IT IS FURTHER ORDERED that this action is DISMISSED.

                                              S/Denise Page Hood
                                              Denise Page Hood
                                              United States District Judge

Dated: February 14, 2008

       I hereby certify that a copy of the foregoing document was served upon counsel of record on February 14, 2008, by electronic and/or ordinary mail.

                                              S/William F. Lewis
                                              Case Manager